(No. 4134—

FRANK HERRIN, Claimant, vs. STATE OF ILLINOIS, Respondent.

*Opinion filed October 13, 1950.*

EMMET M. McDONALD AND PAUL DENVER, Attorneys for Claimant.

IVAN A. ELLIOTT, Attorney General; WILLIAM H. SUMPTER AND WILLIAM J. COLOHAN, Assistant Attorneys General, for Respondent.

LANSDEN, J.

Claimant, Frank Herrin, seeks to recover from respondent for its negligence.

On July 19, 1948, just before midnight, claimant was riding in, and his brother-in-law, Charles Creveling, was driving an automobile traveling in a westerly direction along 95th Street, Chicago, Illinois, just west of the intersection of such street with Southwest Highway (Route 7). 95th Street, west of Southwest Highway, is a part of

the State Highway System, and respondent is responsible for its total maintenance.

At a point 150 feet west of the intersection above referred to, Mr. Creveling stopped the automobile six feet from the north edge of the 20 foot pavement and on the 10 foot shoulder so that he and claimant could change places as operator of the vehicle.

Claimant stepped out of the right front door of the vehicle, intending to walk around behind the car to get into the driver's seat, but took only a few steps when he fell into a concrete drop box inlet, three feet square and five feet deep, the two-section concrete cover of which had been broken in and rested at the bottom of the drop box.

The drop box had been installed so as to permit surface water to be carried by a culvert under 95th Street to its south side, and was an integral part of the highway as originally constructed.

No signs, flares or flags warned claimant of the location of the drop box, or the fact that its cover had been broken. Weeds and grass partially, but effectively, concealed the drop box from claimant's view in whatever small amount of light there was at midnight. Neither the lights of passing vehicles, nor those of claimant's automobile, illuminated the area of the drop box.

It is conceded that the concrete cover of the drop box had been broken and fallen in for so long a period of time that respondent knew, or should have known, of its condition.

Claimant could not be charged with contributory negligence, since he fell into the hole before he could have realized the impending danger, and he had a right to be where he was, and to do what he was doing.

Claimant is, therefore, entitled to an award, since respondent's negligence has been definitely established by the greater weight of the evidence. *Toler* v. *State,* 16 C.C.R. 315; *Dockry* v. *State,* 18 C.C.R. 177; *Rickelman* v. *State,* No. 4195, opinion filed October 20, 1949.

After the accident, claimant went to the Little Company of Mary Hospital, Evergreen Park, Illinois, where he was hospitalized for three weeks. He was unable to work for two months, having been employed as a bus driver for Suburban Transit Bus Lines at $10.00 per day.

Claimant's injuries were and are painful and disabling. He is required to wear a sacroiliac belt when not resting. His injuries consisted of a severe, chronic sacroiliac sprain, sacro-lumbar contusions, and sprain, lacerations, and abrasions of his legs. Subsequent to his accident, claimant developed a traumatic arthritic condition in his sacroiliac joint and in his cervical vertebrae. Two of respondent's doctors found fairly clear manifestations of traumatic neurosis, which had caused claimant to give up work.

Hospitalization, X-Rays, medical care and appliances have cost claimant approximately $400.00. His doctor had treated him eighty-five times up to the time of the last hearing in this case.

Under Section 8 C of the Court of Claims Act, an award in this case is limited to $2,500.00. Whether such sum will compensate claimant for the damages he sustained as a result of respondent's negligence is doubtful, but he is certainly entitled to that amount.

An award is, therefore, entered in favor of claimant, Frank Herrin, in the sum of $2,500.00.